```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
UNITED STATES OF AMERICA                  :
                                          :
                  -v-                     :
                                          :
BARRY FISCHER LAW FIRM, LLC et al.,       :      10-cv-7997 (KBF)
                                          :
                  Defendants.             :
------------------------------------------------------------------- X
ILEANA OAK PIRES DE ALMEIDA,              :
                                          :
                  Plaintiff,              :
                                          :      13-cv-9199 (KBF)
                  -v-                     :
                                          :         ORDER
TAMMY FU et al.,                          :
                                          :
                  Defendants.             :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 14, 2015

KATHERINE B. FORREST, District Judge:

United States v. Barry Fischer Law Firm, LLC ("Barry Fischer") (10-cv-7997) is an interpleader action filed to determine the respective rights of various claimants to certain assets held by the United States (the "subject assets"). De Almeida v. Fu (13-cv-9199) is a related action seeking a declaratory judgment concerning the same assets. While these actions were pending before this Court, the Government filed an ex parte application in the District Court for the District of Columbia (the "D.C. District Court") to enforce a restraining order from the Federative Republic of Brazil ("Brazil")—one of the claimants in Barry Fischer—as to the subject assets. The D.C. District Court granted the Government's application.

For the reasons set forth below, the Court hereby transfers the above-referenced actions to the D.C. District Court.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Although a motion by one of the parties is ordinarily required for transfer, a district court may consider the possibility of transfer sua sponte, particularly when the parties have been given an opportunity to be heard prior to transfer." Fort Knox Music, Inc. v. Baptiste, 139 F. Supp. 2d 505, 512 (S.D.N.Y. 2001) (citations omitted); see also Lead Indus. Ass'n v. Occupational Safety & Health Admin., 610 F.2d 70, 79 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer sua sponte." (citation omitted)); Mitchell v. City of New York, No. 12 Civ. 5933(KPF), 2013 WL 5942236, at *2 (S.D.N.Y. Nov. 6, 2013). Here, it is proper to consider a sua sponte transfer because the Court gave the parties in the above-referenced actions an opportunity to object to the transfer. (See ECF No. 156 in 10-cv-7997; ECF No. 32 in 13-cv-9199.) The Liquidators of Trade and Commerce Bank filed a letter stating that they do not object to the proposed transfer as long as the Barry Fischer action retains its original filing date. (ECF No. 157 in 10-cv-7997.) No other party has voiced any objection. The Court thus deems all parties to have consented to the proposed transfer.

"District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006) (citation omitted).  In exercising this broad discretion, courts commonly consider factors such as

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (citations omitted).  "These factors do not comprise an exclusive list, nor are they to be applied in a mechanical or formulaic manner.  Rather, they, and any other factors peculiar to the particular case in question, serve as guideposts to the Court's informed exercise of discretion."  Id.

The Court has considered the above-listed factors and finds that a transfer of the above-referenced actions to the D.C. District Court is appropriate.  Given the special circumstances here, factors (4) and (9)—"the convenience of parties" and "trial efficiency and the interests of justice"—most strongly support a transfer.

On December 18, 2014, Judge Reggie B. Walton of the D.C. District Court granted the Government's ex parte application to enforce a restraining order from Brazil as to the assets at issue in the above-referenced actions.  A transfer of these actions to Judge Walton would promote justice by giving all parties with competing

claims to the subject assets an opportunity to be heard as the actions unfold.  The transfer also would promote efficiency by consolidating all claims to the subject assets before the same judge.  See <u>Wyndham Associates v. Bintliff</u>, 398 F.2d 614, 619 (2d Cir. 1968) ("There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided.").

Accordingly, the Clerk of Court is directed to transfer the above-referenced actions to Judge Walton of the District Court for the District of Columbia.

SO ORDERED.

Dated:    New York, New York
         January 14, 2015

_____
KATHERINE B. FORREST
United States District Judge